UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

DOCKET NO. 5:04CR34-C

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **PRELIMINARY ORDER** |
| v. | ) | **OF FORFEITURE** |
| | ) | |
| KATHEY WILSON WRIGHT | ) | |

In the Bill of Indictment in this case, the United States sought forfeiture of property of the defendant as property that was proceeds of the crimes charged, together with any other substitute property, which would be subject to forfeiture under §853(p).

Defendant entered into a plea agreement; subsequently pled guilty to Count 21 in the Bill of Indictment; and was adjudged guilty of the offense charged in that count. In the plea agreement, defendant has agreed to forfeit specific property as described below.

It is therefore ORDERED:

1. Based upon defendant's plea of guilty, the United States is authorized to seize the following property belonging to defendant, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. §853(n):

**One 2003 Chaparral pleasure boat, Model 220SSIWT, Registration No. 4022CW, Hull ID FGBZ1309D303;**

**A monetary judgment in the amount of $600,000, which sum represents proceeds obtained, directly or indirectly, from defendant's conspiracy under Title 18, United States Code, Section 371, to violate 18 U.S.C. §1341 and other statutes as listed in Count 21 of the indictment;**

2. Pursuant to 21 U.S.C. §853(n)(1), the government shall publish in a newspaper of general circulation notice of this order; notice of its intent to dispose of the property in such

manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a final order and judgment of forfeiture pursuant to 21 U.S.C. §853(n).

Signed: June 8, 2006

Robert J. Conrad, Jr.
Chief United States District Judge